## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RUBY CONDE, as the Administratrix ad Prosequendum, of the Estate of Derreck Denzel Mack, deceased, and Individually as the Surviving Mother and Heir at Law of Decedent,** | : : : : : : : | **Hon. Joseph H. Rodriguez** |
| **Plaintiff,** | : : | |
| **v.** | : : : | **Civil No. 14-7531** |
| **City of Atlantic City, John Doe Officer #1 and John and Jane Does #2-10,** | : : : : | **Opinion** |
| **Defendants.** | : : | |

This matter comes before the Court on Motion of the City of Atlantic City for Partial Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12 (c). The Court has considered the written submissions of the parties, as well as the arguments advanced at the hearing on January 28, 2016.   For the reasons stated on the record that day, as well as those that follow, the City of Atlantic City's ("Defendant" or "Atlantic City") motion is denied.

## Background

Plaintiff Ruby Conde brings this action individually and on behalf of the Estate of her son, Derrek Denzel Mack ("Mack").   Mack was shot and killed by an Atlantic City Police Officer on December 17, 2012.   According to the Complaint, officers responded to the area of Baltic Avenue and Martin Luther King Boulevard, in Atlantic City, New

Jersey, in response to dispatched information of an individual with a concealed weapon. Am. Compl., ¶ 16.   Upon the arrival of Officer Tweedle, Mack ran. Id. at ¶ 18.   Mack was allegedly unarmed and ran for approximately one block when one of the officers drew his weapon. Id. at ¶¶ 18, 24.   Then, Mack stopped running and signaled surrender by raising his arms in the air, although Mack's back continued to face the officers. Id. at ¶ 21. Officer Smith fired his weapon three times striking Mack twice in the back; a third shot missed Mack and struck a nearby vehicle. Id. at ¶¶ 22, 23.

As a result of the two bullet wounds, Mack collapsed on the sidewalk and remained in a prone position. Detective Ruzzo and other back up officers arrived on the scene. Id. at ¶ 26.   No one provided any medical assistance to Mack and no one called for an ambulance. Id. at ¶ 29. Then, Officer Smith was taken to the hospital by Detective Ruzzo. Id. at ¶ 30.   After several minutes, including time when the officers prevented a nurse from assisting Mack, someone radioed for an ambulance.   Mack was pronounced dead on arrival at the Atlantic City Medical Center Emergency Room. Id. at ¶ 24.

Conde brings several causes of action against the Defendants, pursuant to 42 U.S.C. § 1983, including a deadly force claim (Count I), a state created danger claim (Count II), a denial of medical assistance claim (Count III) and a claim against the City of Atlantic City under Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (Count IV).   Atlantic City moves only to dismiss Count IV, the Monell claim.

### Standard on Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that a party may move for

judgment on the pleadings. The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law. Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 29091 (3d Cir. 1988)). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also Fed.R.Civ.P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## Plaintiff's Constitutional Claim Against the City of Atlantic City

3

Count IV alleges a violation of Mack's section 1983 rights against the City of Atlantic City.   In <u>Monell</u>, 436 U.S. at 691-94, the Supreme Court stated that a municipality could not be held liable under Section 1983 pursuant to a theory of respondeat superior. Municipalities are only held responsible "for their own illegal acts." <u>Connick v. Thompson</u>, 131 S.Ct. 1350, 1359 (2011) (quoting <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 479 (1986)).

A. **42 U.S.C.1983**

Plaintiff's Constitutional claim against the City of Atlantic City is governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. <u>See Collins v. City of Harker Heights</u>, 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

<u>See</u> 42 U.S.C. § 1983. As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. <u>See</u> <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). By its own words, therefore, Section 1983 "does not … create substantive rights." <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir.2006) (citing Baker, 443 U.S. at 145, n. 3).

4

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of her rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

B. **Municipal Liability**

The City of Atlantic City is a municipality.   A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior theory. Monell, 436 U.S. 691. However, a government entity may be liable for its agent's actions upon a demonstration that a policy or custom of the municipality caused, or was a "moving force" behind, the alleged violation of Plaintiff's rights. Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)); Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). Further, a plaintiff must show that the municipality acted with "deliberate indifference" to the known policy or custom. Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103

5

L.Ed.2d 412 (1989). "A showing of simple or even heightened negligence will not

suffice." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. at 397, 407

(1997).

Courts have created a "two-path track to municipal liability ... depending on

whether the allegation is based on municipal policy or custom." Mulholland v. Gov't

Cnty. of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (quoting Beck v. City of Pittsburgh, 89

F.3d 966, 971 (3d Cir. 1996)).   A policy is made "when a decisionmaker possess[ing]

final authority to establish municipal policy with respect to the action issues a final

proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)

(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d

452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved

by an appropriate decision maker," but that is "so widespread as to have the force of

law." Bryan County v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

Municipalities are not liable for acts of police officers unless a municipal policy or

custom amounts to a "deliberate indifference to the rights of people with whom the

police come into contact." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir.

2004) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Deliberate

indifference means that " 'a deliberate choice to follow a course of action is made from

among various alternatives' by city policymakers." Harris, 489 U.S. at 389 (quoting

Pembaur, 475 U.S. at 483–84 (1986) (plurality) (Brennan, J.)). Thus, a municipality's

inadequate training or supervision does not give rise to liability unless city policymakers

are "on actual or constructive notice that a particular omission in their training program

6

causes city employees to violate citizens' constitutional rights ... [and they] choose to retain that program." Connick, 131 S.Ct. at 1360. Similarly, widespread behavior by police officers does not amount to a municipal custom unless there is "knowledge and acquiescence by the decisionmaker." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (citing Watson v. Abington Tp., 478 F.3d 144, 156 (3d Cir. 2007)) (further citation omitted). Finally, the plaintiff must also show that the alleged policy or custom was the proximate cause of the injuries suffered. Watson, 478 F.3d at 156 (citing Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (further citation omitted)).

## Analysis

To survive a motion for judgment on the pleadings, Plaintiff "must identify a custom or policy, and specify what that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009). "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell[.]" City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); see Ingram v. Twp. of Deptford, 911 F.Supp.2d 289, 302 (D.N.J. 2012) (finding plaintiff's Monell claim deficient where the complaint cited an unconnected past incident of excessive force.).

A municipality's failure to properly train its police officers can amount to a "custom" that triggers liability under section 1983. See City of Canton, 489 U.S. at 388. Such liability is reserved for cases where the failure to train evidences a "deliberate indifference" to the constitutional rights of that municipality's citizens. Id. at 389. An allegation suggesting a training program is inadequate is insufficient. Id. at 390. Instead, Plaintiff must "identify a failure to provide specific training that has a causal

7

nexus with his or her injuries and ... demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. Cnty. of Bucks, 125 F.3d 139, 144 (3d Cir. 1997).

"[D]eliberate indifference may be established when a policymaker has knowledge of a 'pattern of similar constitutional violations by untrained employees' but takes no action to augment or alter the municipality's employee training programs accordingly." Grandizio v. Smith, No. CIV. 14-3868, 2015 WL 58403, at *5 (D.N.J. Jan. 5, 2015) (quoting Lapella v. City of Atlantic City, No. 10–2454, 2012 WL 2952411, at *7 (D.N.J. July 18, 2012) (further citations omitted).

A liberal reading of Plaintiff's complaint compels the conclusion that Plaintiff adequately sets forth sufficient factual allegations to demonstrate a plausible claim for relief for municipal liability and deliberate indifference. Plaintiff's Amended Complaint alleges that Defendant Atlantic City, despite knowledge that some of its police officers previously and continuously engaged in unlawful conduct, failed to adequately train its police officers and/or take disciplinary measures against its police officers. See Am. Comp. ¶ 42. In addition, Defendant Atlantic City is alleged to have failed to train its police officers on the proper use of deadly force and the protocol for providing medical attention to persons in custody who have sustained a gunshot wound. Id. at ¶¶ 87-89. Plaintiff alleges that the failure to train was a contributing factor to the shooting and death of Plaintiff's decedent and the deprivation of medical attention.

The Court finds that these allegations, when read together amount to more than a

mere recitation of the legal elements necessary to establish municipal liability under Section 1983. Morse, 132 F.3d at 906. Although the Amended Complaint is thin on certain facts, it meets its burden at this stage of setting forth facts that support an allegation that the Defendant adopted the alleged policies or knowingly acquiesced to the use of excessive force and was "deliberately indifferent" to Plaintiff's constitutional rights. For this reason, the Court rejects Defendant's comparison to the complaint considered in Grandizio, No. CIV. 14-3868, 2015 WL 58403, at *5.

As plead, the Amended Complaint sets forth a plausible claim for municipal liability under Monell. The Court need not, as Plaintiff asks, take judicial notice of Magistrate Judge Schneider's opinion in Groark v. Timek, 989 F.Supp.2d 378 (D.N.J. 2013) to bolster the factual allegations contained in the Amended Complaint.1 As a result, Defendant Atlantic City's Motion to Dismiss is denied.

Dated: February 24th 2016

_____
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE

---

1 The Court notes that a similar request to take judicial notice of the statistical evidence considered in the Groark decision was made and denied in Adams v. City of Atl. City, No. CIV.A. 13-7133 JBS, 2014 WL 2094090 (D.N.J. May 20, 2014). In Adams, the court held that judicial notice of the Groark decision was inappropriate pursuant to Fed. R. Evid. 201. Id. The court further instructed litigants to set out "such factual allegations [which] may formulate good grounds for alleging a policy of indifference to complaints of police office abuse and excessive force" in the Complaint. Adams, No. CIV.A. 13-7133 JBS, 2014 WL 2094090, at *8.